IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

    Plaintiff,

  v.

INC21.COM CORPORATION, et al.,

    Defendants.
                                   /

No. C 10-00022 WHA

**ORDER GRANTING *EX PARTE* MOTION TO SHORTEN TIME FOR HEARING RE PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

       The Court, having considered the Federal Trade Commission's ("FTC" or "Commissions") *ex parte* motion to shorten time otherwise required for hearing the FTC's motion for temporary restraining order ("TRO motion"), finds as follows:

       1.    Good cause exists for shortening time period in Civil L.R. 7-2 because a temporary restraining order may be necessary to stop defendants' recurring monthly billing of consumers and small businesses.

       2.    The FTC today filed a civil law enforcement complaint and TRO motion, alleging that INC21.com ("Inc21") and the other defendants have deceptively and unfairly billed consumers without their authorization in violation of Section 5 of the Federal Trade Commission Act, and committed deceptive and abusive telemarketing practices in violation of three provisions of the Telemarketing Sales Rule.

       3.    Inc21 and its various d/b/a's place charges on consumers' telephone bills on a monthly basis.

4. In the TRO motion, the Commission seeks to halt defendants' current monthly billing practice prior to the lapse of another billing month, and has requested that the TRO motion be heard well prior to the 35 days ordinarily required in Civil L.R. 7-2(a). In fact, the FTC requested that the TRO motion be set for hearing on January 14, 2010.

5. The Commission has not requested an *ex parte* TRO pursuant to Fed.R.Civ.P. 65 because: (a) counsel for Inc21 apparently is aware that the Commission has been investigating Inc21's business practices; (b) in the case captioned *United States v. Approximately $2,822,224.75, et al.,* Case No. C09-03119 WHA, the United States Department of Justice has seized substantial assets of Inc21 and the other defendants named in this case; and (c) it appears that Inc21 is not currently telemarketing its services but is, instead, continuing to bill those who were previously solicited through telemarketing.

6. If granted, this motion would have no effect on the schedule because this is a newly filed case.

**WHEREFORE, IT IS ORDERED THAT**:

1. The defendants are to file with the Clerk's office any opposition and supporting declarations or affidavits to the TRO motion by **NOON ON JANUARY 11, 2010**;

2. The hearing on the TRO motion will be held at **8:00 A.M. ON JANUARY 14, 2010**, in Courtroom 9, federal courthouse, 450 Golden Gate Avenue, San Francisco, California. Testimony for the hearing will be in the form of declarations and affidavits electronically filed with the Court. The parties are **ORDERED** to file any objections to the opponents' supporting declarations or affidavits by **NOON ON JANUARY 12**.

3. The complaint and all motion papers must be served on defendants no later than **5:00 P.M. ON JANUARY 6, 2010**.

**IT IS SO ORDERED.**

Dated: January 5, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE