1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**San Francisco Division**

10

FEDERAL TRADE COMMISSION,

11

Plaintiff,

12

v.

13

INC21.com CORPORATION, et. al.,

14

Defendants.

Case No. CV 10-00022 WHA

**TEMPORARY**
**RESTRAINING ORDER**

15

16     Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), having filed a

17  Complaint for Injunctive and Other Equitable Relief pursuant to Section 13(b) and 19 of the

18  Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57(b), and having moved

19  for the issuance of a Temporary Restraining Order ("TRO") pursuant to Rule 65(b) of the

20  Federal Rules of Civil Procedure, and this Court having considered the Complaint, the TRO

21  Motion, Defendants' Opposition, the declarations and exhibits filed in support thereof, and the

22  arguments of counsel, finds that:

23  1.     The Court has jurisdiction over the subject matter of the case, and there is good cause to

24  believe it will have jurisdiction over all parties hereto;

25  2.     There is good cause to believe that venue lies properly with this Court;

26  3.     There is good and probable cause to believe that Defendants INC21.com Corporation,

27  Jumpage Solutions, Inc., GST U.S.A., Inc., Roy Yu Lin, and John Yu Lin have engaged in and

28  are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. §

45(a), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and that Plaintiff is therefore likely to prevail on the merits of this action;

4.      There is good cause to believe that consumers will suffer immediate and continuing harm unless Defendants are immediately restrained by Order of this Court.  The FTC's memorandum in support of its TRO Motion and the accompanying declarations and exhibits demonstrate that Defendants have engaged in a concerted course of illegal activity by deceptively telemarketing their Internet-related services and placing unauthorized charges on consumers' telephone bills for those services.  There is good cause to believe that, unless they are restrained from doing so by Order of this Court, Defendants will continue to profit from placing unauthorized charges on the telephone bills of existing customers;

5.      Weighing the equities and considering Plaintiff's likelihood of success on the merits, a TRO providing for expedited discovery and other equitable relief is in the public interest; and

6.      No security is required of any agency of the United States for the issuance of a TRO.  Fed. R. Civ. P. 65(c).

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1.      "Billing Aggregator" means any billing and collection entity that aggregates billing for service providers and submits that billing to local exchange carriers for inclusion on consumers' telephone bills.

2.      "Corporate Defendants" means INC21.com Corporation, also d/b/a INC21, INC21.net, INC21 Communications, Global YP, NetOpus, Metro YP, Jumpage Solutions, GoFaxer.com, and FaxFaster.com; Jumpage Solutions, Inc.; and GST U.S.A., Inc.; and their successors and assigns.

3.      "Defendants" means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

4.      "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a).

5.      "Individual Defendants" means Roy Yu Lin and John Yu Lin.

6.    "Local Exchange Carrier" or "LEC" means the local telephone company that renders a telephone bill to consumers.

7.    "Plaintiff" means the Federal Trade Commission.

## ORDER

### I. DEFENDANTS PROHIBITED FROM RECEIVING LEC BILLING MONIES

IT IS HEREBY ORDERED that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, electronic mail, or otherwise, are temporarily restrained and enjoined from receiving any monies from any party, including any LEC or billing aggregator, collected as a result of the placement of Defendants' charges on any consumer's telephone bill.  In the event that Defendants nonetheless come into receipt of such monies, Defendants shall preserve those monies in escrow, without deducting any fees or charges for any reason.

### II. LECS REQUIRED TO HOLD MONIES IN ESCROW

IT IS FURTHER ORDERED that any LEC that places charges on any consumer's telephone bill on behalf Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and who receives actual notice of this Order by personal service, facsimile, electronic mail, or otherwise, is temporarily restrained and enjoined from:

A.    failing to hold in escrow all monies collected from consumers as a result of those charges;

B.    deducting from, or placing into reserve, any part of those monies for any reason;

C.    forwarding any of those monies to anyone, including but not limited to Defendants or any billing aggregator doing business with the LEC on behalf of Defendants;

D.    failing to maintain records relating to: all monies received from consumers as a result of those charges; the monies held in escrow; and the accounts with which those monies are associated; and

E.    charging consumers or any other person or entity for any expenses associated with

compliance with this Order.

**III.  BILLING AGGREGATORS REQUIRED TO HOLD MONIES IN ESCROW**

IT IS FURTHER ORDERED that any billing aggregator that facilitates the placement of charges on any consumer's telephone bill on behalf of Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and who receives actual notice of this Order by personal service, facsimile, electronic mail, or otherwise, is temporarily restrained and enjoined from:

    A.    failing to hold in escrow all monies collected from LECs as a result of those charges;

    B.    deducting from, or placing into reserve, any part of those monies for any reason;

    C.    forwarding any of those monies to anyone, including but not limited to Defendants;

    D.    failing to maintain records relating to monies collected from LECs as a result of those charges; monies held in escrow; and the accounts with which those monies are associated; and

    E.    charging consumers or any other person or entity for any expenses associated with compliance with this Order.

**IV.  CONSUMER NOTIFICATION**

IT IS FURTHER ORDERED that Defendants shall send a letter and verification form to any consumer currently being billed for their services.  The letter and verification form shall:

    A.    confirm that the consumer has agreed to Defendants' services and wishes to continue those services;

    B.    ask whether the consumer prefers: (1) continuing to have charges appear on the consumer's telephone bill; or (2) having Defendants send the consumer a direct invoice; and

    C.    ask the consumer to sign and return the verification form in a postage pre-paid envelope provided by Defendants.

Defendants will file a copy of the letter and verification form with the Court no later than noon on Tuesday, January 19, 2010.  If the parties cannot agree on the contents of this letter and verification form, Defendants may seek approval from the undersigned in their filing.

TEMPORARY RESTRAINING ORDER

Otherwise, no approval will be needed.  Defendants will provide electronic copies of each consumer response to the FTC and the U.S. Attorney's Office within 24 hours of receipt.

### V.  CONSUMER INFORMATION

IT IS FURTHER ORDERED that Defendants, within two (2) days of entry of this TRO, shall provide the FTC and the U.S. Attorney's Office with a complete list of all consumers, including their addresses and telephone numbers, who are currently being charged for their services.

### VI.  EXPEDITED DISCOVERY

IT IS FURTHER ORDERED that the parties are authorized to conduct certain specified expedited discovery, and that commencing with the entry of this Order, in lieu of the time periods, notice provisions and requirements of the Federal Rules of Civil Procedure 26, 30, 34 and 45, expedited discovery shall proceed as follows:

A.   Depositions of Postal Inspector Andrew Wong, and Individual Defendants will take place as ordered by the undersigned on January 14, 2010 (DE 24).

B.   The FTC may, upon three (3) days notice, including through the use of a Rule 45 subpoena, demand the production of documents from any LEC or billing aggregator, relating to complaints against Defendants.

C.   Service of discovery taken pursuant to this Part VI shall be sufficient if made by mail, facsimile, electronic mail, or overnight courier.

### VII.  ORDER TO SHOW CAUSE AND PRELIMINARY INJUNCTION HEARING

IT IS FURTHER ORDERED, pursuant to Federal Rule of Civil Procedure 65, that Defendants shall appear before the Court on February 11, 2010, at 8:00 a.m., at the United States Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, in the courtroom of the undersigned, to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint, enjoining Defendants from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the TSR, 16 C.F.R. Part 310, continuing the terms of this Order, and imposing such additional relief as may be appropriate.

TEMPORARY RESTRAINING ORDER

## VIII.  SERVICE UPON THE COMMISSION

IT IS FURTHER ORDERED, with regard to any discovery, correspondence or pleadings related to this Order, that service on the Commission's counsel shall be performed by commercial overnight mail delivery, facsimile, or email to the attention of:

Douglas Wolfe
Attorney, Division of Enforcement
Federal Trade Commission
600 Pennsylvania Ave., Mailstop NJ-2122
Washington, D.C. 20580
dwolfe@ftc.gov (email)
(202) 326-2558 (fax)

## IX.  DELIVERY TO THE U.S. ATTORNEY'S OFFICE

IT IS FURTHER ORDERED, with regard to any documents to be provided to the U.S. Attorney as ordered herein, delivery to the U.S. Attorney shall be performed by commercial overnight mail delivery, facsimile, or email to the attention of:

David Countryman
Assistant United States Attorney
450 Golden Gate Avenue, 11th Flr.
San Francisco, CA 94102
david.countryman@usdoj.gov
(415) 436-7234 (fax)

## X.  DURATION OF ORDER

IT IS FURTHER ORDERED that the Temporary Restraining Order granted herein shall expire on February 11, 2010 at 5 p.m., unless within such time, the Order, for good cause shown, is extended.

## XI.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

IT IS SO ORDERED.

Dated:  January 19, 2010.



_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

TEMPORARY RESTRAINING ORDER

6