IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 09-03119 WHA |
| Plaintiff, | No. C 10-00022 WHA |
| v. | |
| APPROXIMATELY $2,822,224.75 IN FUNDS SEIZED FROM EIGHT BANK ACCOUNTS, | **ORDER ON CLAIMANTS' MOTION TO ADVANCE TRIAL DATE AND RELEASE $750,000 IN SEIZED FUNDS** |
| ONE 2007 PORSCHE C4 CABRIOLET (VIN: WP0CB29927S777234), | |
| ONE 2005 PORSCHE CAYENNE S (VIN: WP1AB29P35LA66041), AND | |
| SEVEN PARCELS OF REAL PROPERTY AND IMPROVEMENTS, | |
| Defendants. / | |

Claimants Inc21.com Corporation, GTS U.S.A., Inc., John Lin, and Jumpage Solutions Incorporated (collectively, "Inc21") move to amend the case management order in Case No. C 09-03119 to advance the trial date to no later than May 10, 2010. Additionally, Inc21 moves for the release of $750,000 of the approximately $5,000,000 in seized assets to pay for their legal representation in this and another related action pending before the undersigned (*Federal Trade Commission v. Inc21.com Corporation, et al.*, CV 10-00022). Due to the nature of these requests, Inc21 also moves to shorten time to hear these motions pursuant to Civil Local Rules 6-1 and 6-3.

With respect to the release of $750,000 in seized assets to fund claimants' legal representation, given the substantial showing by the government in both cases mentioned above, it appears likely that the vast majority of Inc21's seized assets were procured through fraudulent business practices. As such, these funds are being safeguarded by the government so that, subject to proof at trial, defrauded customers can be refunded in full. That said, it would be wrong for the undersigned to authorize the release of these funds in massive amounts for the benefit of the alleged wrongdoer.[*] This request must be **DENIED**.

As to claimants' motion to amend the case management order in the forfeiture case and advance the trial date from November 29, 2010, to no later than May 10, 2010, the Court will consider this request. At the hearing held on January 14, 2010, discussing the temporary restraining order issued in the related FTC action, the undersigned indicated to the parties that an early trial would likely be scheduled two to three months following the preliminary injunction hearing. This translates to a trial date of April or May 2010. Due to the common evidence and circumstances underlying both the forfeiture action and the FTC action, the undersigned is considering consolidating these two cases for trial in April or May 2010.

On this issue, the parties in both actions are hereby ordered to submit comments on the possibility and prudence of such a consolidation of Case Nos. C 09-03119 and C 10-00022 for trial **BY NOON ON FRIDAY, JANUARY 22, 2010**. Claimants' motion to amend the case management order is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated: January 20, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[*] Claimants, of course, are free to petition the Civil Division of the U.S. Attorney's Office for the release of seized funds for this limited purpose. Indeed, claimants mention in their brief that the Civil Division previously released $100,000 in July 2009 to cover Inc21's attorney's fees. The undersigned, however, provides no opinion as to whether the Civil Division should grant or deny the release of additional funds.

2