IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. C 10-00022 WHA |
| Plaintiff, | |
| v. | **PRELIMINARY INJUNCTION** |
| INC21.COM CORPORATION, *et al.*, | |
| Defendants. | |

Based on the findings and conclusions set forth in the accompanying memorandum opinion in support of this preliminary injunction, this order hereby enjoins defendants INC21.com Corporation (d/b/a INC21, INC21.net, INC21 Communications, Global YP, NetOpus, Metro YP, Jumpage Solutions, GoFaxer.com, and FaxFaster.com), Jumpage Solutions, Inc., GST U.S.A., Inc, Roy Yu Lin, and John Yu Lin, as well as relief defendants Pacific Bell Telephone Company, The Billing Resource, and all others with notice of this preliminary injunction, as follows:

1. All so-called LEC billing, as defined below, by or for the benefit of defendants shall cease immediately except for those customers who have consented in writing in response to the court-ordered verification letter. All defendants, including the relief defendants, shall take whatever steps are necessary to terminate such LEC billing. Specifically, Pacific Bell and other LECs with notice of this order shall immediately cease billing its customers with respect to defendants' products and services except for the customers listed below.

The following customers have consented in writing:

1. Mertz E. Daniel DDS
2. Star Brite Family Dental
3. Vicksburg Chrysler Dodge Inc
4. Yankee Harley-Davidson
5. The Embers Ave
6. Bruce Burns Dr
7. Highland Marina LLC
8. Real Food Nation
9. Oil Can Henrys
10. Disability Action Advocates LLC
11. Family Redirection Institute Inc.
12. Carol Kawabe
13. Fry Radiator
14. Arizona Rain Gutters
15. Rau Salon
16. Kevin Wells
17. Ed Daher Plastering
18. Judi Clinton
19. Americash Americash
20. Las Vegas Motorcoach Resort
21. Monalisa Dean
22. Seaman & Clark

2. LEC billing means the use of a telephone bill, presented by a local exchange carrier to its customers, to bill and collect charges for third-party products and services.

3. All relief defendants, including Pacific Bell Telephone Company and The Billing Resource, shall promptly refund *without deducting a fee* the escrowed money to all customers from whom they collected it, except for those listed above. As to those customers listed by name above, the escrowed money shall be paid (minus any usual fees that would be taken for those particular customers by the LEC and billing aggregator) to defendants. The refund shall be accompanied by a written explanation that the Court has ordered the refund and suspended any further LEC billing with respect to defendants' services until such time as, if ever, the customer consents in writing to resumption of LEC billing with respect to defendants' services. The notice should advise that if the customer desires to continue receiving defendants' services, then the customer should contact defendants and make direct-pay billing arrangements or provide written consent for LEC billing. The notice should make clear that any customer is free to discontinue the service and stop all charges.

4. All customers not listed above, assuming that there are any such legitimate customers, must be direct billed by mailed invoice by defendants, if they are to be billed at all. Defendants may *not* arrange for automatic credit card billing, debit card billing, or any other automatic-pay schemes of payment. Only payment by cash, check, or money order are permissible. No personally identifiable information may be obtained by defendants

2

except what is essential to cash checks and money orders and any such personally identifiable information shall be held in strictest confident. The direct-billing invoice must not be misleading and must state that the invoice should be paid only if the customer actually requested the service for the period billed. The invoice must also advise the customer that it may be cancelled at any time via a simple letter or phone call. Defendants may not in any way suggest that the Court or the FTC has required the customer to pay anything or provide any information to defendants. Defendants should also explain that escrowed monies were ordered to be refunded in a manner consistent with the explanations to be given by relief defendants regarding escrowed funds. The form of the direct-billing invoice must be pre-approved by the Court and the FTC.

5. Defendants and their agents shall cease all further attempts to "sign up" new customers by call centers or by telemarketers of any form except as follows:

    i. All such telemarketing calls shall be fully recorded.

    ii. If the customer desires LEC billing, written consent signed by the customer clearly authorizing LEC billing for the associated products and services must be first obtained.

    iii. No LEC billing for new customers shall be initiated without prior court approval to be obtained via a formal motion to modify this injunction based on written consents.

    iv. All recordings and written consent forms must promptly be made available to the FTC upon written request.

6. The FTC shall serve or provide actual notice of this preliminary injunction on any and all further relief defendants it wishes to be bound by this order. Pacific Bell and The Billing Resource have appeared voluntarily so further service is unnecessary.

7. Defendants shall promptly refund *all* payments collected from the 5,445 "customers" who failed defendants' own TPV "re-examination."

8. Defendants shall promptly notify the Court and all necessary parties if any customer listed in this order cancels its services or requests to do so, so that LEC billing may be

3

immediately stopped as to them. Relief defendants, without waiting for any court order, shall immediately cease LEC billing as to that customer if so notified.

9. This order allows defendants, if they wish, to continue providing their services to anyone (except those who have cancelled or stated that they never ordered services to begin with), but no one has to pay for said services except as provided in this order.

10. Defendants, including relief defendants, shall file a report with the Court certifying to full compliance with this injunction **BY MARCH 18, 2010**.

**IT IS SO ORDERED.**

Dated: February 19, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE