IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INC21.COM CORPORATION, *et al.*,<br><br>Defendants. | No. C 10-00022 WHA<br><br>**ORDER DENYING MOTION TO STAY AND AMENDING PRELIMINARY INJUNCTION** |

In this enforcement action brought by the Federal Trade Commission, defendants move for a stay — pending an appeal to the Ninth Circuit of the February 2010 order granting the FTC's motion for a preliminary injunction— of both discovery and the preliminary injunction (Dkt. Nos. 57, 58, 60). For the reasons explained below, the motion is **DENIED**. Upon further consideration of the arguments and authorities cited by the parties, however, the preliminary injunction will be amended as detailed below.

In determining whether to grant a motion to stay a preliminary injunction pending an appeal to the Ninth Circuit, a court must consider four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Golden Gate Restaurant Ass'n v. City & County of S.F.*, 512 F.3d 1112, 1115 (9th Cir. 2008) (citation and quotation marks omitted).

None of these factors supports the issuance of a stay of the preliminary injunction order. As already explained in great detail in the February 2010 memorandum and opinion granting the preliminary injunction, the FTC is likely to establish that defendants have engaged in illegal practices (Dkt. No. 57). Because defendants have no right to continue those practices, they cannot claim injury from being forced to desist. Moreover, the interest in protecting customers from fraudulent billing practices is undeniably great. As such, for all of the reasons set forth in the memorandum and opinion granting the preliminary injunction, defendants' motion fails. Nothing argued by defendants with respect to these four factors warrants reconsideration of the prior order's findings, or the stay that has been requested.

As a separate matter, however, defendants contend that the scope of the preliminary injunction was overbroad in that it should not have ordered defendants to issue refunds to the 5,445 customers who failed the third-party verification ("TPV") examination.[*] On this specific issue, defendants argue that such refunds would have the effect of improperly disgorging defendants and ordering consumer redress prior to a trial on the merits and final judgment (Br. 8, 11; Reply 4). It is apparent from the briefing that this is defendants' primary concern with respect to the breadth of the injunctive relief ordered by the Court.

Although neither side has provided legal authority that is directly on point, it appears that an injunction that goes beyond restraining a party from committing illegal acts and orders restitution to customers may exceed the scope of a prohibitory preliminary injunction. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2008). As such, in an abundance of caution, this order hereby amends the preliminary injunction and strikes the provision requiring refunds to those customers that failed defendants' self-performed TPV examination (Dkt. No. 58 ¶ 7). Instead, the preliminary injunction will be amended to freeze defendants' assets so that refunds to these customers can be issued if the FTC prevails in this action. *See Fed. Trade Comm'n v. Singer*, 668 F.2d 1107, 1111 (9th Cir. 1982) (recognizing a

---

[*] Defendants have since revised this number downward to 4,616, due to an alleged miscalculation in their original declaration (Br. 4).

2

court's authority to freeze assets as part of a preliminary injunction order). The specific amendment is set forth at the end of this order.

Finally, defendants fail to offer any compelling justification for staying discovery pending their appeal (Br. 14). Indeed, the demand for an early trial, which necessitated an expedited and abbreviated discovery period, came directly from the mouths of defense counsel. As such, defendants' motion to stay discovery is also denied..

In sum, defendants' motion to stay both the preliminary injunction and discovery pending their appeal to the Ninth Circuit is **DENIED**. Upon consideration of arguments made by both sides, however, Paragraph 7 of the Preliminary Injunction is hereby **AMENDED** as follows:

> 7. Defendants shall not transfer or otherwise dispose of any financial assets (except to pay for ordinary business expenses as authorized by the preliminary injunction) unless allowed by further order of the Court.

**IT IS SO ORDERED.**

Dated: April 13, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE