1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,                    No. C 10-00022 WHA

           Plaintiff,

  v.                                                          **ORDER REGARDING ASSETS**
                                                **FROZEN UNDER THE**
INC21.COM CORPORATION, *et al.*,                   **PRELIMINARY INJUNCTION**

           Defendants.
                                  /

     The undersigned has reviewed defendants' motion seeking access to their business and

personal bank accounts, which were frozen under the preliminary injunction as amended on April

13, 2010 (Dkt. Nos. 97, 110). Defendants also seek clarification as to whether the amended

preliminary injunction was intended to freeze both their business and personal assets.

     Addressing the latter issue first, defendants are reminded that the freezing of their assets

was ordered in direct response to their argument that they should not be required to issue refunds

to customers at the preliminary injunction stage (*see* Dkt. Nos. 82, 97). The undersigned agreed,

and the preliminary injunction was amended so that refunds would no longer required (at least,

not at this stage). That said, to ensure that disputed assets in the possession of defendants were

not squandered or funneled away to the detriment of defrauded customers who might be entitled

to refunds following a trial on the merits, the undersigned froze the assets of *all* defendants

pending the resolution of this litigation. This freeze included both individual defendants and

1  corporate defendants.  In other words, contrary to defendants' argument, the injunction *was*

2  intended to freeze both personal and business assets.  This was entirely proper under well-

3  established Ninth Circuit authority.  *See FSLIC v. Ferm*, 909 F.2d 372, 374 (9th Cir. 1990) (citing

4  numerous decision).

5        With that clarification provided, the remaining issue is whether defendants have provided

6  adequate documentation to warrant a release of frozen funds for business and personal expenses.

7  This issue will be addressed — in addition to Greenberg Traurig's pending motion to withdraw as

8  counsel for defendants — at the hearing scheduled at **2:00 P.M. ON MAY 13**.  Counsel, however,

9  should be aware that the undersigned will *not*, under any circumstances, allow legal fees to be

10 paid using disputed funds.  Additionally, to the extent the undersigned authorizes payments to

11 cover personal/family expenses, reasonable business expenses, and property-related payments

12 (*e.g.*, mortgage payments and property taxes), such payments will only be authorized as direct

13 payments to creditors (by electronic transfer, cashier's check, or other direct means).[*]  With that

14 in mind, defendants shall bring to the hearing all necessary information pertaining to their

15 creditors so that payments authorized (if any) can be sent from their bank accounts directly to

16 them.  Defendants shall also bring any and all bills, receipts, lease agreements, bank account

17 statements (showing the bank account numbers in question), and any other supporting

18 documentation to the hearing to substantiate their requests.

20        **IT IS SO ORDERED.**

22 Dated: May 10, 2010.

                                                    WILLIAM ALSUP
                                                    UNITED STATES DISTRICT JUDGE

26        * While the FTC appears to *support* the use of frozen funds to prevent waste of defendant
John Lin's encumbered assets (specifically, the approximately $37,000 in overdue mortgage
27 payments and property taxes), defendant John Lin's personal bank accounts do not have sufficient
funds to cover this payment.  If the undersigned authorized such a payment, defendants would
28 need to specify (1) what funds would be used to cover this payment and (2) the specific names of
the creditors (and corresponding payment amounts) where these payments would be directed.