IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

INC21.COM CORPORATION, *et al.*,

    Defendants.

No. C 10-00022 WHA

**ORDER REGARDING DEFENDANTS' BANK ACCOUNTS AND ASSETS**

    The undersigned has thoroughly reviewed the documents and filings from both sides, and has lingering concerns that defendants' available assets and sources of income have not been adequately disclosed to warrant a release of funds.

    Specifically, in the opposition filed by the government in the civil forfeiture case (Dkt. No. 67 in Case No. 09-03119), Exhibit A shows what appears to be an Inc21.com Corporation bank account statement from Far East National Bank with — at least as of one year ago — a balance of approximately $325,000 in funds. According to the government, this account was *not* seized in the civil forfeiture action. Defendants, however, have not indicated whether this account still exists or whether it was frozen by the preliminary injunction. For all the Court knows, these funds are available to defendants.

    Also referenced in Exhibit A is a bank account statement from Bank of America for GoFaxer.com Incorporated (also a defendant in this case) with a balance — at least as of one year ago — of approximately $131,000. This account was *also* supposedly left untouched by the civil

forfeiture case, and it is unclear whether it still exists or whether it was frozen by the preliminary injunction. Again, for all the Court knows, these funds are available to defendants.

Finally, the government has produced documentation indicating that defendant John Lin owns unencumbered real property in Texas, which was not disclosed to the Court. Whether this property is generating income, or *could* generate income, has not been disclosed. This information is troubling.

Given the possibility that the undersigned does not have the full picture of defendants' available assets and sources of income, defendants shall file sworn declarations with the following information by **BY NOON ON MONDAY, MAY 24, 2010**:

1. A list (or spreadsheet) of all bank and investment accounts for each defendant (including, for Inc21.com, any accounts held under its various DBAs) with the following information: (1) name of the institution where the account is held, (2) the name(s) on the account, (3) the bank account number (properly redacted to show only a partial account number), (4) the balance in the account, and (5) whether the account was frozen under the preliminary injunction.[*] If the GoFaxer.com account mentioned earlier in this order is not in this list, defendants must explain why.

2. A list of any alternative sources of income for each defendant, including — for those defendants with families — income generated by other members of the household. This should include, for example, the part-time consulting income referenced in the most recent declaration of Roy Lin.

3. A list of all assets, including real property, stocks, bonds, and the like, currently owned by each defendant. The list should include approximate market value, encumbrances (if applicable), and the income generated thereby (such as rental income, if applicable). If the real property in Texas purportedly owned by John Lin is not in this list, Mr. Lin must explain why.

---

\* Even in their voluminous supplemental filings, defendants failed to provide the Court with bank account numbers *as requested by the prior order*. The undersigned needs this information to authorize (if appropriate) any release of frozen funds.

2

Finally, defendants John Lin and Roy Lin shall inform the Court if funds to cover their requested personal expenses may be paid from the $100,000 account that purportedly belongs to their father, Sheng Lin. The undersigned is aware that defendants are currently obtaining additional documentation as to the ownership of this account, but would nevertheless like to know the answer to this question.

**IT IS SO ORDERED.**

Dated: May 19, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE