FILED

DEC 0 7 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-FILED 12/3/10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INC21.com CORPORATION, et. al.,<br><br>Defendants. | Case No. CV 10-00022 WHA<br><br>**STIPULATION AND PROTECTIVE ORDER RE: VIDEO RECORDED DEPOSITIONS OF LAW ENFORCEMENT OFFICERS** [PROPOSED] |

Subject to the approval of this Court, the undersigned parties hereby stipulate to the following protective order:

The parties agree that entry of the following protective order is necessary in order to: (1) facilitate discovery of information without controversy concerning confidentiality; and (2) protect federal law enforcement officers from having their identities and likenesses disclosed and disseminated, and thereby compromising ongoing law enforcement investigations, including undercover operations.

**STIPULATED ORDER**

Any and all audio-video recordings of depositions of federal law enforcement officers in the above-captioned action, and in the related case entitled *United States v. Approximately $2,822,224.75, et al.*, Case No. C 09-3119 WHA, including but not limited to the depositions of U.S. Postal Inspector Andrew Wong, shall be subject to the following restrictions:

1. The audio-video recordings shall be used only for the purpose of this litigation and not

1 | for any other purpose.

2. The audio-video recordings shall not be disseminated to anyone other than: (a) Wayne R. Gross, Donald P. Bunnin, Michael A. Piazza, and Joel Dichter, attorneys for INC21.com, Roy Lin, and John Lin in the aforementioned civil actions (collectively "INC21's Attorneys"); (b) counsel for the United States and the Federal Trade Commission; (c) the Court in further proceedings herein; (d) the court reporters or videographers employed to record such depositions; and (e) other persons upon whom the parties mutually agree in writing.

3. There shall be no reproduction of the audio-video recordings, except that, as required by the litigation, copies or excerpts may be shown to those authorized in Paragraph 2.

4. Except as otherwise provided in Paragraphs 2 and 3, the original and all copies of the audio-video recordings shall remain in the custody of INC21's Attorneys during the pendency of the litigation.

5. Upon final determination of this litigation, including all appeals, all audio-video recordings, including copies, shall be returned to counsel for the United States.

6. This Stipulation and Protective Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive termination of this action. ~~The Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulation and Protective Order, notwithstanding the termination of this action.~~

///
///
///
///
///
///
///
///
///

STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY [PROPOSED]
CASE NO. CV 10-00022 WHA

2

IT IS SO STIPULATED.

DATED: 12/1/10

JOSEPH P. RUSSONIELLO
United States Attorney

DAVID COUNTRYMAN
Assistant United States Attorney

DATED: 6/14/10

DICHTER LAW LLC

Joel Dichter

DATED: 11/18/10

FEDERAL TRADE COMMISSION

Douglas V. Wolfe
Sandhya P. Brown

APPROVED AND SO ORDERED:

DATED: December 8, 2010.

HON. WILLIAM H. ALSUP
United States District Judge