IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

INC21.COM CORPORATION, *et al.*,

Defendants.

No. C 10-00022 WHA

**ORDER PARTIALLY RESOLVING CLAIMS OF EXEMPTION**

Defendant John Yu Lin claims a variety of state law exemptions from execution of the judgment entered against him in this action (Dkt. No. 205). A judgment debtor has the burden of claiming and proving entitlement to any exemption under the Fair Debt Collection Practices Act. The debtor's claim of an exemption prevents the government from selling or otherwise disposing of the property until a court determines whether the debtor is entitled to the claimed exemption. 28 U.S.C. 3014. The exemptions claimed by defendant John Lin fall into three categories.

*First*, John Lin claims a $75,000 homestead exemption for his residential property pursuant to Section 704.730 of the California Code of Civil Procedure (Dkt. No. 205 at 4). Section 704.730 "gives debtors the right to a specified amount of money after a forced sale; it does not give debtors an absolute right to retain the homestead itself." *In re Bernard*, 40 F.3d 1028, 1030 n.2 (9th Cir. 1994) (internal quotations omitted). Unless certain exceptions apply, that amount of money is $75,000. Cal. Civ. Proc. Code § 704.730(a)(1). The FTC "does not oppose John Lin's claimed $75,000 homestead interest in 1137 Webster, and requests that the Court determine such interest without a hearing so that a sale of the property may proceed" (Dkt. No. 208 at 2). John Lin's claim of a $75,000 homestead exemption is **GRANTED**.

*Second*, John Lin claims the following exemptions related to his personal property: (1) a $2,725 motor vehicle exemption; (2) a $7,175 exemption for jewelry and heirlooms; (3) a $7,175 exemption for personal property used in a trade or business, and (4) a $26,400 exemption for other personal property including furnishings, appliances, and apparel (Dkt. No. 205 at 4). The FTC "does not understand" these four claims because the FTC has not applied for a writ of execution as to any such personal property (Dkt. No. 208 at 3). Because no writ of execution has been sought or issued as to John Lin's personal property, these four exemption claims are **DENIED AS MOOT**. They may, however, be renewed if and when the FTC obtains a writ of execution as to such property.

*Third*, John Lin claims a private retirement account exception in the amount of $32,958.89 (Dkt. No. 205 at 5). The FTC states that this claimed exemption may be relevant to the asset freeze and asset disposition ordered in this action (Dkt. No. 208 at 3). "All amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit from a private retirement plan are exempt." Cal. Civ. Proc. Code § 704.115(b). The statute defines three categories of retirement accounts subject to this exemption, and the Ninth Circuit has provided guidance on determining whether a particular account qualifies as a retirement account under the statute. *See Bloom v. Robinson*, 839 F.2d 1376 (9th Cir. 1988). John Lin has not identied or describd the accounts as to which he claims this exemption. As such, the present record is insufficient for determining whether he is entitled to the claimed retirement account exemption. By **MAY 5, 2011**, John Lin shall file a sworn declaration identifying and describing each account to which he claims this exemption applies. Any relevant supporting documentation must be appended. The FTC then may file a response by **MAY 12, 2011**. After reviewing those submissions, a decision will be made as to whether further briefing or a hearing will be necessary.

**IT IS SO ORDERED.**

Dated: April 21, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2