IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

INC21.COM CORPORATION, *et al.*,

Defendants.
/

No. C 10-00022 WHA

**ORDER DENYING EXEMPTION CLAIMED BY JOHN YU LIN**

Defendant John Yu Lin claimed a variety of state-law exemptions from execution of the judgment entered against him in this action, including a private-retirement-account exemption in the amount of $32,958.89 (Dkt. No. 205 at 5). All of his claimed exemptions except the retirement-account claim were resolved by a previous order (Dkt. No. 209). This order denies the retirement-account exemption. It is a judgment debtor's burden to prove entitlement to an exemption. 28 U.S.C. 3014(b)(2). John Lin has been given two chances to prove his entitlement to the claimed retirement-account exemption, but he still has failed to do so.

"All amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit from a private retirement plan are exempt." Cal. Civ. Proc. Code § 704.115(b). The statute defines three categories of retirement accounts subject to this exemption, and the Ninth Circuit has provided guidance on determining whether a particular account qualifies as a retirement account under the statute. Importantly, an account that a debtor calls a private

retirement account is not automatically exempt "merely by virtue of its name." Rather, a court must determine that an account actually is "designed and used for retirement purposes" in order for the exemption to apply. If, for example, the debtor does not principally use the account for retirement purposes, but instead operates it to meet his short-term needs by lending money or shielding and hiding funds from creditors, then the exemption does not apply. *Bloom v. Robinson*, 839 F.2d 1376, 1378 (9th Cir. 1988).

John Lin's original exemption-claim form did not identify or describe the accounts as to which he claimed the retirement-account exemption. As such, there was no basis for determining whether he was entitled to it. John Lin therefore was requested to file a sworn declaration identifying *and describing* each account to which he claimed the exemption applied, and to append any relevant supporting documentation (Dkt. No. 209 at 2). John Lin timely filed a declaration identifying two accounts: (1) "an IRA held at Bank of America" with a balance of $4,122.03; and (2) "a 401(k) account held by MassMutual" with a balance of $28,827.60 (Dkt. No. 212). Appended to the declaration are a "Distribution Confirmation" from the MassMutual account and the first page of a statement from the Bank of America account. Neither the declaration nor the attached documentation explains how the accounts were structured or how John Lin historically used them. As such, John Lin still has not established that these accounts qualify for the claimed retirement-account exemption.

The burden of proving that the accounts qualify for the claimed exemption rests with John Lin. He had two opportunities to do so, but he did not. Accordingly, his claimed exemption for retirement accounts is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 10, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE