IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

INC21.COM CORPORATION, *et al.*,

Defendants.
                                                          /

No. C 10-00022 WHA

**ORDER DENYING EXEMPTION CLAIMED BY ROY LIN**

Defendant Roy Lin claims a $33,000 exemption from execution of the judgment entered against him in this action for a "401k retirement account at Mass Mutual." The exemption is claimed pursuant to Section 704.115 of the California Civil Procedure Code (Dkt. No. 210-1).

The claimed State-law exemption applies to this federal action by way of the federal Fair Debt Collection Practices Act, which provides that a debtor may elect to claim exemptions established by State law. 28 U.S.C. 3014(a)(2)(A). The FDCPA, however, does not "supersede or modify the operation of . . . any inherent authority of a court to provide[] injunctive relief." 28 U.S.C. 3003(c)(7).

Pursuant to the inherent authority to freeze assets as part of a preliminary injunction, Roy Lin was prohibited from transferring or otherwise disposing of *any financial assets* (Dkt. No. 97 at 2–3). The account for which Roy Lin now claims an exemption was identified as one of his frozen accounts (Dkt. No. 118-5). Following summary judgment, the account freeze was perpetuated "until the full restitution amount has been paid," and "the financial institutions

with control over these frozen accounts [were] authorized to facilitate the payment of frozen funds directly to the FTC to satisfy the judgment in this dispute" (Dkt. No. 162 at 43).

Roy Lin's claimed exemption would interfere with this previously-ordered injunctive relief. Accordingly, it is not authorized by the FDCPA. Roy Lin's claimed retirement-account exemption is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 25, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE